J-A19015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GRAZYNA GREZAK-SKLODOWSKA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WIESLAW GREZAK | : | No. 226 EDA 2021 |

Appeal from the Order Entered October 16, 2020
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 5575 CV 2016,
No. 55750 CV 2016, No. 751 DR 2005

BEFORE:   DUBOW, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 1, 2021**

Appellant, Grazyna Grezak-Sklodowska ("Wife"), appeals *pro se* from the October 16, 2020 Order entered in the Monroe County Civil Division that denied Wife's request to disqualify Wieslaw Grezak's ("Husband") attorney due to a conflict of interest.  Upon review, we affirm.

A detailed recitation of the procedural and factual history is unnecessary to our disposition.  Briefly, Wife and Husband were married in 1982, Wife filed a Complaint in Divorce in 2016, and the trial court entered a Divorce Decree on March 25, 2019.  The divorce proceedings have been highly contentious, with Wife filing motions on a regular basis, sometimes daily, resulting in a delayed completion of equitable distribution.  Relevant to this appeal, on August 5, 2020, Wife filed an Emergency Motion to Disqualify [Husband]'s

_____

[*] Retired Senior Judge assigned to the Superior Court.

Attorney, which the trial court denied. On August 10, 2020, Wife filed an Emergency Motion to Reconsider the Denial of Disqualification of [Husband]'s Attorney Due to New Extraordinary Circumstances. In the Motion to Disqualify, Wife alleges, *inter alia*, that Husband's attorney, Brandie J. Belanger, Esq., began working at a law firm, ARM Lawyers, that previously represented Wife, resulting in a conflict of interest. The trial court scheduled a hearing on the matter.

On August 31, 2020, the trial court held a hearing on the Motion to Disqualify as well as two other Motions. Regarding the Motion to Disqualify, the court heard testimony from Wife and Patrick Best, Esq., partner in the law firm, ARM Lawyers.

In sum, Wife testified that she was previously a client of the law firm ARM Lawyers, that she paid a retainer, and that a partner at ARM Lawyers, Nick Masington, Esq., formerly represented her in 2017 and 2020. N.T. Hearing, 8/31/20, at 6-7.

Attorney Best testified that Attorney Masington was a partner in the law firm ARM Lawyers, and that Attorney Masington previously represented Wife during one Protection from Abuse hearing in 2017. *Id.* at 11-12. Attorney Best further explained that in March 2020, Wife consulted with Brett Reigel, Esq., from ARM Lawyers, on one occasion in March 2020 but did not retain the firm for representation. *Id.* at 12

Attorney Best also testified that in August 2020, ARM Lawyers hired Attorney Belanger, who represents Husband, as an associate. *Id.* at 11.

Attorney Best explained that the firm had a policy to discuss potential conflicts prior to the hiring of a new attorney and implement any necessary informational barriers. *Id.* at 12-13. Specifically, Attorney Best testified that the firm implemented the following plan when it hired Attorney Bellanger:

> [w]e would note and list all conflicts and distribute a formal document to the staff indicating that the staff was not permitted to speak with Attorney Bellanger about that list of files. The files were to be kept separate and all fields were to be clearly noted with a sticker or other mark that indicated confidential, do not discuss with ARM or vice versa, confidential, do not discuss with Attorney Belanger.

*Id.* at 13. Finally, Attorney Best confirmed that the firm implemented an informational barrier regarding Wife's representation and Attorney Belanger. *Id.*

At the conclusion of the hearing, the trial court denied Wife's Motion to Disqualify on the record, and the court issued an Order denying the Motion on September 1, 2020.

On September 15, 2020, Wife filed an Emergency Motion for Reconsideration of the Court's Denial of Disqualification of Defendant's Attorney Due to Extraordinary Circumstances. On September 16, the trial court denied Wife's Emergency Motion.

Approximately one month later, on October 13, 2020, Wife filed a Motion to Disqualify Defendant's Attorney Due to New Evidence of Conflict of Interest. On October 14, 2020, Wife filed an Amended Motion to Disqualify Defendant's Attorney Due to New Evidence of Conflict of Interest, which is the subject of

this appeal. In the Motion, Wife raises numerous allegations that are incomprehensible, rehash her dissatisfaction with the 5-year-long divorce proceedings, or were previously raised.[1] Relevant to her request to disqualify Husband's attorney, Wife raises the following new allegation, verbatim:

> On October 9, 2020, Brandie J. Belanger, Esq. ("Attorney Belanger") served Plaintiff with the Court's documents. She submitted these documents to the Divorce Court in the amount of 14 pages, and intentionally served Plaintiff in the amount of seven (7) pages. Moreover, the service was conducted through Dillon Masington, Attorney Bellanger' Paralegal, and Plaintiff's Attorney Nicolas J. Masington, III, Esq.' Legal Assistant. it proved that these two (2) Attorneys work together. It is continuous breach of Plaintiff's confidentiality establishing prejudice to Plaintiff. A true and correct copy of emails send by Dillon Masington and Nicholas J. Masinton's Legal Assistant are attached hereto and incorporated as Exhibit "B".

Motion, 10/14/20, ¶ 4. Although unclear as written, it appears that Wife is either alleging that Dillon Masington serves as both Attorney Bellanger's paralegal and Attorney Masington's legal assistant or that both Attorney Belanger's paralegal and Attorney Masington's legal assistant served her with the same papers. Either way, Wife is alleging that the two attorneys worked together in violation of the informational barrier. To support this claim, Wife attached a copy of an undated email from Attorney Masington's legal assistant, Melanie Taglieri, to Wife and "Brandie" as well as an October 9,

---

[1] For instance, Wife alleges, *inter alia*, that she is related to nobel prize winner Marie Curie and her divorce involves a lot of money, that Attorney Belanger was involved in kidnapping Wife in November 2019, and that results from mold testing of the marital home prove that Attorney Belanger wrongfully requested that Wife be prohibited entry to the home. Amended Motion, 10/14/20, at ¶2, 3, 6, 9, 10.

2020 cover sheet from Dillon Masington, paralegal for Attorney Belanger, serving a Motion for Reconsideration and Special Relief upon Wife. Motion, 10/14/20, Exhibit B.

On October 16, 2020, the trial court denied Wife's Amended Motion, which was the fifth Motion regarding the disqualification of Husband's attorney that Wife had filed in the previous two and a half months.

Wife filed a timely *pro se* Notice of Appeal and Pa.R.A.P 1925(b) Statement.[2] The trial court filed a responsive Pa.R.A.P 1925(a) Opinion and Amended Opinion.

In her *pro se* Brief, Wife raises the following issues for our review:

1. Whether the appearance of impropriety resulted here by virtue of [Husband's attorney]'s relationship with [Wife]'s former attorneys, intentionally engaging in former-client conflict of interest, when [Husband] has received certain confidential information regarding the facts and location of her personal property inherited by her during their separation, has improperly removed, isolated her, and got sole possession of such property of [Wife] which was located in marital house.

2. Whether [Husband]'s attorney and her law firm should be disqualified for ethical violations when their failure to advise him to seek the representation of independent attorney violated non-native English speaking [Wife]'s due process, when she have not been given full opportunity to explore all of husband's post divorce decree accusation of impropriety and the effect upon denied to her the fair trial, efficient administration of justice, all resulting in not available remedy

_____

[2] This Court has previously concluded that an order **denying** the disqualification of an attorney is appealable as a collateral order pursuant to Pa.R.A.P. 341. ***Dougherty v. Philadelphia Newspapers, LLC***, 85 A.3d 1082, 1086 (Pa. Super. 2014).

to her for lost personal liberty and entitlement to continuance of removal of her heirlooms, and other personal, marital property located in formal marital house before its sale.

Wife's Br. at 5 (some capitalization omitted; some brackets removed).

In Wife's first issue, she alleges that Attorney Belanger should be disqualified from representing Husband because Husband received confidential information about property that Wife inherited during her separation. *Id.* In Wife's second issue, she alleges that Attorney Belanger and her law firm should be disqualified because they failed to advise Husband to seek alternative representation and violated Wife's right to due process. *Id.* Upon review, we discern that Wife failed to allege either of these bases for relief in her Amended Motion.

It is axiomatic that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Both the theory as well as the grounds must be raised below if an issue is to be preserved for appellate review; one may not merely preserve the 'grounds' at trial level and, for the first time on appeal, raise 'theories' to support them." *S.W. v. S.F.*, 196 A.3d 224, 236 (Pa. Super. 2018) (citation omitted). Wife failed to raise these bases for relief in her Amended Petition before the trial court, and, thus, has waived appellate review of these issues as stated.

This Court would be remiss if it did not acknowledge that Wife's Brief is disjointed, repetitive, and at times incomprehensible. Even if Wife had preserved these issues for appellate review, we would waive them for lack of proper development. In the Argument Section of her Brief, Wife cites boiler-

plate law but fails to apply the law to the facts of this case in a meaningful and coherent manner as required by our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "The Rules of Appellate Procedure . . . state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted). "[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." *Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003). It is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. *Commonwealth v. Johnson*, 985 A.2d 915, 925 (Pa. 2009). This Court will not act as counsel. *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). "Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.* (citation omitted). Accordingly, Wife's failure to develop her argument in a meaningful and coherent way provides an additional basis for this Court to find waiver.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2021