J-S27020-23

2023 PA Super 215

| KRISTIN ALLYN WEATHERHOLTZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DYLAN JACOB MCKELVEY | : | |
| | : | |
| Appellant | : | No. 190 MDA 2023 |

Appeal from the Order Entered January 17, 2023
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2018-40012

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

OPINION BY BOWES, J.:                         **FILED: OCTOBER 25, 2023**

Dylan Jacob McKelvey appeals from the final protection order entered on the petition filed by Kristin Allyn Weatherholtz ("Appellee") pursuant to the Protection of Victims of Sexual Violence or Intimidation Act ("PVSVIA"), 42 Pa.C.S. §§ 62A01-62A20.  For the reasons that follow, we reverse the order and dismiss the petition with prejudice.

We glean from the record that in 2009 or 2010, when Appellee was fourteen years old, she was the victim of unspecified sexual offenses committed by Appellant.  He entered a guilty plea and, as part of his sentence, was required to have no contact with Appellee.[1]  In January 2018, Appellant

_____

[1] The certified record does not reveal the underlying offenses, their grading, or the particulars of Appellant's criminal sentence.  The trial court indicates in its opinion that Appellant was convicted of sexual abuse of children pursuant to 18 Pa.C.S. § 6312(b), but the criminal charges and judgment of sentence do not appear within the certified record.

attempted by numerous means to contact Appellee. She filed a PVSVIA petition and the court entered a three-year protective order.

Appellee took no steps to seek an extension of the order, and therefore it expired by its terms on January 18, 2021. Thereafter, on June 6, 2022, Appellee encountered Appellant at a flea market. Appellant approached within twenty feet of her, made eye contact, smiled, waved, and then fled after a few seconds. Based upon this interaction, Appellee experienced a new onset of anxiety and fear, prompting her to file the petition *sub judice*. The court held an evidentiary hearing, during which Appellant admitted that he was at the flea market but denied seeing Appellee and maintained that it had been years since he had any contact with her. Additionally, he argued that the trial court was barred from entering a protective order because the statute of limitations had expired. Following the hearing, the court entered a new three-year protective order.[2]

This timely filed notice of appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant raises the following issues for our consideration:

A. Did the lower court err by denying [Appellant's] motion to dismiss that cited the six-year statute of limitations applicable to the [PVSVIA]?

B. Did the lower court err by holding that the statute of limitations for the PVSVIA does not begin to run from the date of the act

---

[2] Appellant filed a post-trial motion for relief, which the trial court properly dismissed pursuant to Pa.R.C.P. 1957(b) ("No motion for post-trial relief may be filed to the final order" in an PVSVIA action.).

- 2 -

of sexual violence or intimidation committed by the [Appellant], but rather from the date of the act or circumstances that demonstrates a continued risk of harm to the victim?

C. Did the lower court err by holding that the Plaintiff's right to relief under the PVSVIA arose when [Appellant] committed an act of harassment and/or intimidation on or about June 6, 2022, despite the fact that the underlying act of sexual violence or intimidation occurred more than six years prior to the filing of the petition?

D. Did the lower court err in granting [Appellee's] request for a protective order under the PVSVIA despite [Appellee's] failure to provide evidence that she was a victim of sexual violence or intimidation of the type specifically enumerated in the definitions of those terms in 42 Pa.C.S. § 62A03?

E. Did the lower court err by finding that [Appellant's] alleged action of smiling at [Appellee] and waving constituted an act of harassment and/or intimidation that was sufficient to trigger a right to relief under the PVSVIA?

F. Did the lower court improperly grant an extension of the prior protective order that expired over a year and a half prior to the petition for relief?

Appellant's brief at 6-8 (cleaned up).

At the outset, we observe that the PVSVIA provides for the "protection of victims of sexual violence or intimidation regardless of a preexisting relationship." *E.A.M. v. A.M.D. III*, 173 A.3d 313, 316 (Pa.Super. 2017) (cleaned up). On appellate review, "we employ the identical standard of review that we use to review the propriety of an order entered pursuant to the Act's seasoned counterpart addressing the protection of victims of physical or sexual abuse by family members, *i.e.*, the Protection From Abuse Act ('PFA')[.]" *Id*. (cleaned up).

Applying that standard, "we must determine whether the evidence, in the light most favorable to petitioner and granting [her] the benefit of all reasonable inferences, was sufficient to sustain the trial court's determination . . . by the preponderance of the evidence." *S.W. v. S.F.*, 196 A.3d 224, 228 (Pa.Super. 2018) (citation omitted). Assessing the "[c]redibility of witnesses and the weight accorded their testimony is within the exclusive province of the [trial court] as fact finder." *Mescanti v. Mescanti*, 956 A.2d 1017, 1020 (Pa.Super. 2008) (citation omitted).

Appellant's first three issues assail the trial court's rejection of his statute of limitations claim. When this Court is tasked with determining "the application of the statute of limitations[,]" we are presented with "a question of law" for which our standard of review is *de novo*. *K.A.R. v. T.G.L.*, 107 A.3d 770, 775 (Pa.Super. 2014). Our Supreme Court has held that petitions seeking a protective order under the PVSVIA are subject to the six-year catch-all statute of limitations pursuant to 42 Pa.C.S. § 5527(b). *See K.N.B. v. M.D.*, 259 A.3d 341, 344 (Pa. 2021). "Statutes of limitation begin to run when a claim accrues." *Kornfeind v. New Werner Holding Co.*, 280 A.3d 918, 928 (Pa. 2022) (cleaned up). "Normally, a cause of action accrues when an injury is inflicted. Thus, the clock begins to run as soon as the right to institute and maintain a suit arises. . . . If the plaintiff fails to file before the clock expires, the statute of limitations bars the suit." *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 246–47 (Pa. 2021) (cleaned up).

The PVSVIA provides victims of sexual violence and intimidation "with a civil remedy requiring the offender to stay away from the victim, as well as other appropriate relief." 42 Pa.C.S. § 62A02. Individuals seeking relief under the PVSVIA must "fil[e] a petition with the court alleging the need for protection from the defendant with respect to sexual violence or intimidation." 42 Pa.C.S. § 62A05(a). Thereafter, a hearing shall be conducted as follows:

**(a) General rule.--**Within ten business days of the filing of a petition under this chapter, a hearing shall be held before the court where the plaintiff must:

(1) assert that the plaintiff or another individual, as appropriate, is a victim of sexual violence or intimidation committed by the defendant; and

(2) prove by preponderance of the evidence that the plaintiff or another individual, as appropriate, is at a continued risk of harm from the defendant.

**(a.1) Right to counsel.--**The court shall, at the time the defendant is given notice of the hearing, advise the defendant of the right to be represented by counsel. The notice shall be printed and delivered in a manner that easily attracts attention to its contents.

**(b) Temporary orders.--**If a plaintiff seeks a temporary order for protection from an immediate and present danger, the court shall conduct an *ex parte* proceeding. The court may enter a temporary order as it deems necessary to protect the plaintiff or another individual, as appropriate, when it finds the plaintiff or another individual is in immediate and present danger from the defendant. The temporary order shall remain in effect until modified or terminated by the court after notice and hearing.

**(c) Continued hearings.--**If a hearing under subsection (a) is continued and no temporary order is issued, the court may make *ex parte* temporary orders under subsection (b), as it deems necessary.

42 Pa.C.S. § 62A06.

As it pertains to the first prong that a petitioner must assert at a hearing, the statute defines intimidation, sexual violence, and victim thusly:

> **"Intimidation."** Conduct constituting a crime under either of the following provisions between persons who are not family or household members:
>
> > 18 Pa.C.S. § 2709(a)(4), (5), (6) or (7) (relating to harassment) where the conduct is committed by a person 18 years of age or older against a person under 18 years of age.
> >
> > 18 Pa.C.S. § 2709.1 (relating to stalking) where the conduct is committed by a person 18 years of age or older against a person under 18 years of age.
> >
> > . . . .
>
> **"Sexual violence."** Conduct constituting a crime under any of the following provisions between persons who are not family or household members:
>
> > 18 Pa.C.S. Ch. 31 (relating to sexual offenses), except 18 Pa.C.S. §§ 3129 (relating to sexual intercourse with animal) and 3130 (relating to conduct relating to sex offenders).
> >
> > 18 Pa.C.S. § 4304 (relating to endangering welfare of children) if the offense involved sexual contact with the victim.
> >
> > 18 Pa.C.S. § 6301(a)(1)(ii) (relating to corruption of minors).
> >
> > 18 Pa.C.S. § 6312(b) (relating to sexual abuse of children).
> >
> > 18 Pa.C.S. § 6318 (relating to unlawful contact with minor).
> >
> > 18 Pa.C.S. § 6320 (relating to sexual exploitation of children).
> >
> > . . . .

**"Victim."** A person who is the victim of sexual violence or intimidation.

42 Pa.C.S. § 62A03.

Finally, the statute outlines the following permissible avenues for relief should a petitioner prevail at the hearing:

> **(a) Order or consent agreement.--**The court may issue an order or approve a consent agreement to protect the plaintiff or another individual, as appropriate, from the defendant.
>
> **(b) General rule.--**An order or a consent agreement may include:
>
> > (1) Prohibiting the defendant from having any contact with the victim, including, but not limited to, restraining the defendant from entering the victim's residence, place of employment, business or school. This may include prohibiting indirect contact through third parties and also prohibiting direct or indirect contact with other designated persons.
> >
> > (2) Granting any other appropriate relief sought by the plaintiff.
>
> **(c) Duration and amendment of order or agreement.--**A protection order or an approved consent agreement shall be for a fixed period of time not to exceed 36 months. The court may amend its order or agreement at any time upon subsequent petition filed by either party.
>
> **(d) Extension of protection orders.—**
>
> > (1) An extension of an order may be granted:
> >
> > > (i) Where the court, after a duly filed petition, notice to the defendant and a hearing, in accordance with the procedures set forth in sections 62A05 (relating to commencement of proceedings) and 62A06 (relating to hearings), finds that the extension is necessary because the defendant engaged in one or more acts or finds some other circumstances that, in the

discretion of the court, demonstrate a continued risk of harm to the victim.

(ii) When a contempt petition or charge has been filed with the court or, in a county of the first class, a hearing officer, but the hearing has not occurred before the expiration of the protection order, the order shall be extended, at a minimum, until the disposition of the contempt petition.

(2) Service of an extended order shall be made in accordance with section 62A05(d).

(3) There shall be no limitation on the number of extensions that may be granted.

**(e) Notice.--**Notice shall be given to the defendant stating that violations of the order will subject the defendant to arrest under section 62A12 (relating to arrest for violation of order) or contempt of court under section 62A14 (relating to contempt for violation of order).

**(f) Incarceration.--**When the defendant is or was incarcerated and will be released from custody in the next 90 days or has been released from custody within the past 90 days, a plaintiff does not need to show that the defendant engaged in one or more acts that indicate a continued risk of harm to the victim in order to obtain an extension or a subsequent protection order under this chapter.

**(g) Identifying information.--**Any order issued under this chapter shall, when furnished by either party, specify the Social Security number and date of birth of the defendant.

42 Pa.C.S. § 62A07.

This Court has identified two prongs to a cause of action under the

PVSVIA:

Pursuant to § 62A06(a)(1) and (2), in order to prevail on a PVSVIA claim and to achieve the desired result of a final no-contact order, a petitioner must[, at the mandatory hearing,] (1) assert that the plaintiff or another individual, as appropriate, is a victim of sexual violence or intimidation committed by the defendant; and (2)

prove by preponderance of the evidence that the plaintiff or another individual, as appropriate, is at a continued risk of harm from the defendant.

*E.A.M.*, *supra* at 319 (cleaned up). Thus, we must determine which is the pertinent prong for determining when the cause of action accrues pursuant to the six-year statute of limitations.

Here, the trial court answered this question by relying on the second prong, i.e., the date of the conduct evincing a continued risk of harm. Therefore, it held that Appellee's right to relief under the PVSVIA arose on June 6, 2022, when Appellant confronted Appellee at the flea market, and therefore the petition was not barred by the statute of limitations. *See* Trial Court Opinion, 3/31/23, at 7. The trial court and Appellee utilize the June 2022 date because they contend that a plaintiff does not have a cause of action under the PVSVIA until a defendant commits an act evincing a continued risk of harm. *See id*.; Appellee's brief at 11.

Appellant contests this conclusion and asserts that the statute of limitations expired before Appellee filed her petition. He argues that: (1) a petition under the PVSVIA is subject to a six-year statute of limitations; (2) the statute begins to run from the date of an act constituting sexual violence or intimidation; and (3) because his conduct on June 6, 2022 did not amount to sexual violence or intimidation as defined by the PVSVIA, the court should have considered the 2009 or 2010 acts for when the cause of action accrued. *See* Appellant's brief at 19-23.

Simply put, Appellant's argument is that the statute of limitations is premised upon the first prong of § 62A06(a), i.e., the cause of action accrues on the date the petitioner became a victim of sexual violence or intimidation, whereas the trial court and Appellee focus on the second prong, i.e., the most recent date demonstrating that the defendant poses a continued risk of harm to the petitioner.

Notably, there is scant case law concerning the PVSVIA, none of which expressly addresses this precise issue. Regardless, we determine that our Supreme Court's decision in **K.N.B.** controls. In that case, K.N.B. alleged that the defendant, a fellow college student, sexually assaulted her in September 2015. She did not report the assault to police in 2015. However, after seeing the defendant at a Walmart in 2018, at which time he was no longer a student, she reported the assault and petitioned the court for a protective order pursuant to the PVSVIA.

The defendant argued that K.N.B.'s 2018 petition was barred by the two-year statute of limitations because the initial sexual assault occurred in 2015, more than two years before the petition was filed. **See K.N.B.**, **supra** at 344-45. The trial court rejected the defendant's argument, concluding that six-year catch-all limitation applied and had not run, and entered a protective order. **Id**. at 345. On appeal to this Court, we again rejected the defendant's argument and affirmed the protective order. **Id**. at 346-47. The defendant petitioned for allowance of appeal with our Supreme Court, again raising the

same arguments. In line with the trial court and this Court, after concluding that the two-year statute of limitations did not apply, but rather the six-year catch-all, the High Court held that K.N.B.'s petition was not barred by the statute of limitations. *Id*. at 350.

In so holding, the Supreme Court did not explicitly state that the first prong was the relevant focal point for statute of limitations purposes. Indeed, the focus of its analysis was on whether the two-year or six-year statute of limitations period applied, not when the period began to run. However, its holding implies that the statute began to run at the time of the underlying sexual violence or intimidation. To wit, the defendant's statute of limitations argument was premised on the date of the initial sexual assault, not the 2018 Walmart encounter giving rise to the PVSVIA petition. In determining the appropriate limitations period, the High Court did not identify a starting date different from the initial sexual assault. *See K.N.B. v. M.D.*, 227 A.3d 918, 923 (Pa.Super. 2020) (setting forth that the defendant argued that "K.N.B.'s petition was untimely because the petition was subject to the two-year time limitation and it was filed more than two years after the alleged assault"), *affirmed by K.N.B.*, *supra*.

Moreover, if the claim did not accrue until K.N.B. encountered the defendant at a Walmart in 2018, then the applicability of a two-year versus six-year statute of limitations would have been of no moment as the claim would not have been barred under either limitation period. As the Supreme

- 11 -

Court believed it critical to determine the duration of the statute of limitations period before determining whether the petition was barred and did not correct the defendant's use of the initial sexual assault date for determining whether the limitations period had passed, we infer that the Court construed the accrual date for purposes of the statute of limitations based upon the conduct underlying the first prong.

With respect to the first prong, "the plaintiff must assert that he or she was a victim of [sexual violence or] intimidation committed by the defendant and the court must find the assertion credible." *Pietz v. Hadrych*, 293 A.3d 645, 2023 WL 2253325, at *3 (Pa.Super. 2023) (non-precedential decision) (cleaned up). In the trial court's Rule 1925(a) opinion, it noted that Appellee was the victim of sexual offenses committed by Appellant in 2009 or 2010, when Appellee was fourteen years old. The only alleged conduct potentially amounting to sexual violence occurred at that time in 2009 or 2010, well before the six years preceding the 2022 petition. Similarly, any act of intimidation could have only happened in 2014, at the latest, as after such time Appellee would no longer have been under eighteen years of age. As the petition in this case was filed in 2022, no act of intimidation could have occurred within the statute of limitations.

Critically, Appellant's conduct at the flea market in 2022 did not entail sexual violence, and while Appellee certainly may have felt intimidated, Appellant's conduct could not have constituted intimidation as defined by the

statute because Appellee was not under eighteen years of age. Moreover, even if his conduct violated the no-contact provision of Appellant's criminal sentence, such a violation was not introduced into the certified record, and, even if it had been, would still not meet the statutory definition of sexual violence or intimidation. Thus, Appellee's 2022 petition was filed after the six-year statute of limitations had run and is barred by the statute of limitations.

Appellee asserts that because defendants who are convicted of a crime of sexual violence "are in jail for more than [six] years," basing the statute of limitations upon the first prong "would render protections of this Act utterly useless in most cases." Appellee's brief at 8. We understand Appellee's frustrations with such an interpretation, as it puts her out of court, but we do not believe that it renders the PVSVIA useless. Plaintiffs may pursue criminal charges against a defendant and a defendant may be ordered to have no contact with the victim as part of a sentence, as was apparently the case here. Simultaneously, or within six years, a plaintiff may also seek a protective order under the PVSVIA. If a defendant is in jail at the time, the plaintiff need not prove an act demonstrating a continued risk of harm to obtain a protective order or an extension of an existing order. *See* 42 Pa.C.S. § 62A07(f). After obtaining the initial protective order, a plaintiff may seek an unlimited number of extensions so long as the court "finds that the extension is necessary because the defendant engaged in one or more acts or **finds some other circumstances that, in the discretion of the court, demonstrate a**

**continued risk of harm to the victim**.” 42 Pa.C.S. § 62A07(d)(1)(i) (emphasis added). Thus, while the PVSVIA's protections may not be as broad as Appellee would like,[3] they still offer significant protection to victims whose offenders serve jail time or continue to pose a risk of harm for an extended period of time.

Based on the foregoing, we reverse the protective order. In light of our disposition, we decline to address Appellant's remaining issues.

Order reversed. Petition dismissed with prejudice.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/25/2023</u>

---

[3] To that end, we note that nothing in the PVSVIA indicates that its protections are meant to be applied retroactively to acts of sexual violence or intimidation committed prior to its enactment in 2015. **See** 1 Pa.C.S. § 1926 (“No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.”).