J-A08009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ELISE BARBERIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY FAMOUS | : | |
| | : | |
| Appellant | : | No. 2185 EDA 2023 |

Appeal from the Order Entered July 28, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2022-22689

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 20, 2024**

Zachary Famous appeals *pro se* from the July 28, 2023 order denying his motion to modify the November 29, 2022 order entered pursuant to the Protection of Victims of Sexual Violence or Intimidation ("PVSVI") Act.  We vacate and remand for further proceedings.

On November 11, 2022, Elise Barberis filed a PVSVI petition against Appellant, who occupied a neighboring apartment.  Ms. Barberis alleged that Appellant routinely stalked her around the apartment complex while acting erratically, and on three occasions in September 2022, he confronted her outside of her apartment and was either nude below the waist, wore his underwear pulled to the side, or stood clad in nothing but his underwear. PVSVI Petition, 11/11/22, at 5.  The petition continued that Ms. Barberis reported Appellant for indecent exposure, and he "admitted to the police that he had developed an obsession with [her] that he could not control."  ***Id***.

Appellant failed to appear at the ensuing hearing, and Ms. Barberis testified consistent with the allegations leveled in her petition. N.T., 11/29/22, at 4-5. On November 29, 2022, the trial court entered a final PVSVI order that imposed no contact for three years, *i.e.* November 2025. Appellant failed to timely file an appeal. Instead, he filed a motion for reconsideration, which the trial court neglected to grant within thirty days to retain jurisdiction. Nevertheless, on March 23, 2023, the trial court professed to deny Appellant's motion for reconsideration. Appellant attempted to appeal both the order denying reconsideration and the underlying PVSVI order entered on November 29, 2022; however, we quashed the appeal for lack of jurisdiction over either order. **See** Order, 5/26/23, at 2, 1004 EDA 2023 ("In light of the procedural posture of this matter, this Court does not appear to have jurisdiction over either order[.]").

Undaunted, on June 15, 2023, Appellant filed in the trial court a self-styled "Petition to Modify or Vacate Sexual Violence Protection Order of November 29, 2022." Appellant primarily challenged the court's decision to enter the PVSVI order, specifically asserting "there [is] no legal or factual basis for the entry of the [PVSVI] order[.]" Petition to Vacate or Modify, 6/15/23, at 3-4, ¶ 16. Almost as an afterthought, Appellant's penultimate paragraph noted that Ms. Barberis had moved from the apartment complex, pleading as follows:

> 17. Upon information and belief, [Ms. Barberis] no longer lives in the same apartment building as [Appellant, Appellant] does not know where she lives, nor does he drive a car or know how to

- 2 -

locate her even if he wished to do so, which he does not. There is not, therefore, any factual basis suggesting that he presents any continuing threat of sexual violence to her, nor did he ever.

*Id*. at 5, ¶ 17.

Thereafter, Appellant returned to his central assertion and requested that the court vacate the PVSVI order:

18. The [PVSVI] order should not have been entered and the Court should vacate it so as to prevent an ongoing miscarriage of justice.

WHEREFORE, [Appellant] requests that the [PVSVI o]rder be vacated.

*Id*. at 5, ¶¶ 17-18.

Appellant testified during the modification hearing and presented Ms. Barberis as a witness. Although Appellant continued to assail the merits of the underlying PVSVI order during the hearing, he briefly touched upon the argument that "there is [no longer] a continued risk of harm[,]" ostensibly because Ms. Barberis is no longer living in the same place. N.T., 7/20/23, at 48. As it relates to this issue, Ms. Barberis testified that she moved from the apartment complex in December 2023, but she has already observed Appellant walking by her new apartment since the move. *Id*. at 30-31. She explained, "I am frightened of him. I don't want to be in the same room. I don't want to keep doing this. It is – the amount of physical anxiety that I feel leading up to every single time this happens, just keeps being dragged back here quite frankly, yeah." *Id*. at 41.

Following the evidentiary hearing, the trial court denied the petition to modify or vacate concluding, "Although filed as a petition to modify, the relief

sought by [Appellant] is for this [c]ourt's [o]rder to be vacated. The [c]ourt is without jurisdiction to vacate its November 29, 2022 [o]rder, as the time for reconsideration has passed and no requested modification was presented to the [c]ourt for its consideration." Trial Court Order, 7/28/23 at 1.

This timely appeal followed. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court filed a Rule 1925(a) opinion that further expounded upon the rationale outlined in the order denying relief. Critically, the trial court still did not address the merits of Appellant's assertion that he no longer poses a threat to Ms. Barberis because she moved from the apartment building.

Appellant presents several issues for our review.

1. The trial court erred in failing to modify or vacate the [PVSVI] order where the evidence established that: (1) the complainant has since moved out of the apartment building where she and appellant had been neighbors; (2) appellant does not know where complainant currently lives; (3) appellant has made no effort to contact or find complainant; and (4) because of appellant's Autism and diminished intellectual capacity, he lacks the ability and skills to determine complainant's new residence or location.

2. The trial court erred in failing to modify or vacate the [PVSVI] order where the conduct purportedly supporting the order, namely complainant's observing appellant appearing in his underwear in the apartment building hallway and following her out of the building not only are insufficient bases for the order, but are not at all likely to re-occur as complainant has moved out of the building and the evidence established there is no possibility of similar such encounters.

3. The trial court erred in failing to modify or vacate the [PVSVI] order as it failed to take into account the change in circumstances

in complainant's residence and is now impermissibly vague as to how circumstances that could trigger a violation of the order, e.g. an unintended, chance encounter between the parties, through no fault of appellant, could lead to an immediate arrest and detention of appellant, a person of limited intellectual capacity.

4. The trial court erred in failing to modify or vacate the [PVSVI] order by failing to credit the testimony of appellant and appellant's therapist as to his Autism and inability to meaningfully understand the nature and significance of the service of process of the [PVSVI] complaint upon him, which resulted in the order being entered against him by default.

5. The trial court erred in failing to modify or vacate the [PVSVI] order where the hearing failed to establish that appellant had engaged in a predicate sexual offense, indecent exposure, where there was no evidence that appellant had exposed his genitals to complainant and the record established that appellant had not followed complainant out of the building but had attempted to avoid her by taking the stairway at the back of the building.

Appellant's brief at 4-6 (unnecessary capitalization omitted).

At the outset, we make a procedural observation about Appellant's brief and a substantive comment regarding the assertions that he raises on appeal. First, Appellant's brief is defective insofar as the five issues that Appellant enumerates in the statement of questions presented do not align with the four sub-headings that he identifies as A through D in the argument section of the brief. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein"). While this defect does not impede our ability to perform effective appellate review, we caution counsel to abide by the Pennsylvania Rules of Appellate Procedure in the future or risk having the matter dismissed.

*See* Pa.R.A.P. 2101 (if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed).

As to the substance of the brief, Appellant's legal arguments continue to predominantly assail the trial court's decision to enter the underlying PVSVI order on November 29, 2022, rather than the court's denial of Appellant's motion to modify that order. Indeed, as stated in his brief, Appellant asserts: 1) Ms. Barberis's complaints were insufficient bases for the PVSVI order; 2) the trial court erred in failing to credit certain testimony adduced at a prior reconsideration hearing; and 3) there is no evidence that Appellant committed indecent exposure. *See* Appellant's brief at 4-5, 17-19, 21. However, because Appellant neglected to file a timely appeal from the final PVSVI order, the propriety of that underlying order is unassailable at this juncture. Accordingly, we summarily reject issues two, four, and five as outlined in the statement of questions presented.[1]

As to the portions of the remaining claims that actually challenge the court's denial of his motion to modify the final PVSVI order based on some change of circumstances, we are guided by the following principles,

> the PVSVIA provides for the "protection of victims of sexual violence or intimidation regardless of a preexisting relationship." ***E.A.M. v. A.M.D. III***, 173 A.3d 313, 316 (Pa.Super. 2017) (cleaned up). On appellate review, "we employ the identical standard of review that we use to review the propriety of an order entered pursuant to the Act's seasoned counterpart addressing

---

[1] To the extent that Appellant's second claim implicates an actual change in circumstances, we address that assertion with the remaining argument concerning whether he presents a continued risk of harm.

- 6 -

the protection of victims of physical or sexual abuse by family members, *i.e.*, the Protection From Abuse Act ('PFA')." ***Id***.

***Weatherholtz v. McKelvey***, 305 A.3d 103, 105–06 (Pa.Super. 2023) (cleaned up).  Thus, our standard of review for a challenge to the propriety of an order issued pursuant to PVSVI Act is whether the trial court committed an abuse of discretion or an error of law.  ***See E.A.M.***, 173 A.3d at 316.  An abuse of discretion is "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record." ***Id***. (citation omitted).

A trial court is authorized to amend or modify a final PVSVI order "at any time upon subsequent petition filed by either party."  42 Pa.C.S. § 62A07(c); ***see also*** 42 Pa.C.S. § 62A17 ("Except as otherwise provided in this chapter, modification may be ordered after the filing of a petition for modification, service of the petition and a hearing on the petition.").  The statutory scheme does not set forth the precise standard to determine whether modification is warranted, but Appellant currently asserts that the change of circumstances negates the purpose of the PVSVIA.  Accordingly, we observe that to obtain a final PVSVI order, Appellee not only had to assert that she is a victim of sexual violence or intimidation, but also had to "prove by preponderance of the evidence that [she] . . . is at a continued risk of harm from the defendant." 42 Pa.C.S. § 62A06(a)(2).  Thus, in order to warrant the

modification that Appellant requests, *i.e.*, to modify the order to expire immediately, he had to demonstrate that it is no longer necessary.

The trial court addressed Appellant's complaints collectively and concluded that Appellant's ultimate entreaty, *i.e.*, vacating the PVSVI order was not an available form of relief. It reasoned, "After a full hearing and argument before the [c]ourt, it was clear to the undersigned that Appellant was using the [p]etition for [m]odification in an attempt to reconsider and re-litigate the underlying [f]inal [PVSVI o]rder." Trial Court Opinion, 10/4/23, at 6-7. As noted *supra*, the trial court is correct insofar as Appellant cannot re-litigate the final PVSVI order under the guise of a motion to modify. That does not end our review, however, because the trial court is, in fact, authorized to modify the PVSVI. The court acknowledged this fact in its October 4, 2023 opinion by quoting the explanatory comment to Pa.R.Civ.P. 1901.8, which states in relation to the PFA, "a party may request that the court modify the order to expire at an earlier date[.]" **See** Trial Court Opinion, at 6.[2] Nevertheless, it refused to address the merits of Appellant's petition because the motion's "Wherefore clause" referenced vacating the order rather than modifying the expire date. **Id**. It ultimately concluded, "Had Appellant requested an actual modification of the length or terms of the [PVSVI order], the [court] would have considered the evidence in light of that modification

_____

[2] The Court correctly highlighted that Pa.R.Civ.P. 1901.8 is identical to Pa.R.Civ.P. 1958 relating to the PVSVIA.

request in accordance with [the governing authority]. Appellant instead sought to have the court 'modify' the order by vacating it." *Id*. at 8.

Considering both the trial court's precise recognition of Appellant's substantive claim for modification based on a change of circumstances and the fact that it was authorized to modify the order to expire at an earlier date, the court's fixation with Appellant's reference to vacating the order constitutes an abuse of discretion. Phrased differently, the trial court applied the incorrect legal standard in denying the petition to modify without addressing the determinative issue concerning whether Ms. Barberis's relocation from the apartment complex warranted the premature termination of the PSVSI order. *See E.A.M.*, 173 A.3d at 316 (an abuse of discretion occurs, *inter alia*, where applicable law "is overridden or misapplied").

While there is ample evidence in the certified record to make this determination, this Court does not engage in fact finding. *See e.g., Commonwealth v. Sharaif*, 205 A.3d 1286, 1289 (Pa.Super. 2019). Stated simply, the trial court's failure to make a finding as to whether the order continues to be necessary impedes our review because we cannot say on the record before us that Ms. Barberis remains at continued risk of harm despite moving away from the apartment building where Appellant resides. Accordingly, we vacate the order denying the motion to modify or vacate the PVSVI order and remand the matter for the trial court to address this

component of Appellant's motion and make a factual finding as to whether Appellant poses a continued risk of harm to Ms. Barberis.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/20/2024