J-S35010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.W., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| S.F., | |
| Appellant | No. 331 MDA 2018 |

Appeal from the Order Entered January 23, 2018
In the Court of Common Pleas of York County
Civil Division at No(s):  2009-FC-001342-12A

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 03, 2018**

S.F. (Mother) appeals from the January 23, 2018 order that granted S.W.'s (Child) petition seeking a final protection from abuse (PFA) order.[1] After review, we affirm.

In her brief, Mother lists the following issues for our review:

I. Whether the trial court abused its discretion and made an error of law under 23 P[a].C.S.[]. [§] 6107 when it did not allow [Child] to testify at the [PFA] [h]earing[?]

    A. Whether the [t]rial [c]ourt denied [Mother's] due process rights by not permitting [Child] to testify at the PFA hearing and denying [Mother] the opportunity to cross examine her accuser?

    B.  Whether the trial [c]ourt abused its discretion and made an error of law in relying upon testimony taken during an

---

[1] Child's father, S.W. (Father), filed the PFA petition on Child's behalf.

> ex-parte hearing that was not of record during the PFA hearing[?]
>
> C. Whether the trial court abused its discretion and made an error of law in determining that sufficient evidence was presented at the PFA hearing to make a finding of abuse[?]
>
> II. Whether [Mother] waived her rights to object to due process violations and sufficiency of evidence arguments on appeal, for not objecting with specificity on the record[?]

Mother's brief at 7.

"In reviewing the validity of a PFA order, we must determine whether the evidence, in the light most favorable to petitioner and granting her the benefit of all reasonable inferences, was sufficient to sustain the trial court's determination that abuse was shown by the preponderance of the evidence." *R.G. v. T.D.*, 672 A.2d 341, 342 (Pa. Super. 1996). "Moreover, we must defer to the lower court's determination of the credibility of witnesses at the hearing." *Id.*

We have reviewed the certified record, Mother's brief,[2] the applicable law, and the thorough opinion authored by the Honorable N. Christopher Menges of the York County Court of Common Pleas, dated March 13, 2018. We conclude that Judge Menges' opinion accurately disposes of the issues presented by Mother on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Menges' opinion as our own and affirm the order appealed from on that basis.

---

[2] No brief was filed in support of Child's position as Appellee.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2018

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

S.W. (A MINOR),              :     No. 2009-FC-001342-12A

        Plaintiff         :

                          :

        v.          :

*S.F.*

████████████████,    :

        Defendant      :

## OPINION IN SUPPORT OF ORDER
## PURSUANT TO Pa.R.A.P. 1925(a)

*S.F., Mother*

Appellant ██████████████ appeals to the Superior Court of Pennsylvania from the Final Protection from Abuse ("PFA") Order entered in this matter on January 23, 2018. On February 22, 2018, ██████ *Mother* filed a Concise Statement of Errors Complained of Pursuant to Rule of Appellate Procedure 1925(a) (2) (i). The trial court now issues this 1925(a) (2) (ii) Opinion.

## FACTUAL AND PROCEDURAL HISTORY

The minor child Appellee, S.W., is the natural born child of the ██████████ *Mother* ██████, and ██████████████ *Father*. The custody of S.W. has been the subject of repeated litigation dating to 2009. The latest and current Order directs the parents to exercise shared month-to-month custody of the child. The current custody action was brought by Father's Petition for Contempt and Petition to Modify Custody on August 3, 2017. A custody hearing is scheduled before this Court on March 22, 2018.

On January 16, 2018, ██████████████ *Father* filed a petition seeking a Protection From Abuse (PFA) order for his child S.W., the protected party and plaintiff. The petition named S.W.'s ██████████████ *Mother*, Appellant, as Defendant.

OFFICE OF PROTHONOTARY
JUDICIAL CENTER YORK, PA.
2018 MAR 13 PH 3:13

The PFA order on Appeal was prompted by events that occurred on January 9, 2018. According to the Petition for Protection From Abuse, [Child] called [Mother] at approximately 7:30 PM. A disagreement ensued, during which [Child] states that [Mother] threatened to beat her. Apparently finding the threat to be credible, [Child] became upset and [Father] thus filed the Petition on his [Child's] behalf.

The Petition alleges several incidents of abuse, dating to 2014. The incidents include details of [Mother] drinking and driving with [Child] in the car, pushing [Child] to the floor, punching her repeatedly in the ribs, throwing household objects at her, and hitting her in the head with a hairbrush, resulting in bruising which led to [Child's] teacher contacting a Children & Youth agency. The Petition requested an Ex Parte Hearing, claiming that the [Child], a minor child, was in imminent danger. In accordance with 23 Pa. C.S. §6107 (b) (1), "If a plaintiff petitions for temporary order for protection from abuse and alleges immediate and present danger of abuse to the plaintiff or minor children, the court shall conduct an ex parte proceeding," this Court conducted an ex parte proceeding with [Child], in the form of an in camera interview.

Finding the [Child] to be credible and compelling, and that she was in immediate and present danger of abuse this Court entered a temporary PFA Order pursuant to the statute. "The court may enter such a temporary order as it deems necessary to protect the plaintiff or minor children when it finds they are in immediate and present danger of abuse. The order shall remain in effect until modified or terminated by the court after notice and hearing." 23 Pa.C.S. §6107 (b) (2). That Order was a contact order which explicitly permitted contact between the Parties in accordance with the controlling custody order. The Order stated that all contact was to be non-abusive in nature.

2

An evidentiary hearing to determine whether a final PFA order should be entered was held January 23, 2018, as required by 23 Pa. C.S. §6107 (a). During the hearing the Court heard testimony from *Child's* Father and Stepmother, *J.W.*, as well as the *Mother* *T.S.-I.* and her mother, ███████████. Both parties were given ample opportunity to be heard and to cross-examine the other party's witnesses. A full and accurate record was produced.

Following that hearing, the Honorable N. Christopher Menges ("Trial Court") granted the petition for a PFA Order against *Mother* ███████, extending the terms of the Temporary Order to a term of three years and assigning court costs to *Mother* ███████ (Final Order at 2.)

On February 20, 2018, *Mother* ███████ filed a Notice of Appeal and a § 1925 (a) (2) (i) statement. The Court hereby reaffirms the Final Order.

## ISSUES FOR APPEAL

In her statement, *Mother* ███████ alleges five (5) issues to be considered on Appeal:

1) The Trial Court abused its discretion and made an error of law when it conducted an exparte [sic] hearing with *Child* ███. and made a determination of credibility without providing *Mother* ███████ an opportunity to cross-examine the witness.

2) The Trial Court abused its discretion and made an error of law by deciding the merits of the case prior to the hearing while having only conducted an exparte [sic] interview with the *Child* ███████.

3) The Trial Court abused its discretion and made an error of law in relying solely on the exparte [sic] interview of the witness in determining sufficient evidence was presented by the *Child* ███████ On demurrer, after *Child* ███████had rested, Trial Court had

3

only heard the hearsay testimony of Father and the ~~████~~ [Child's] Stepmother, yet ruled the evidence was sufficient to survive a motion to dismiss. Trial Court cited exceptions for excusing the ~~████~~ [Child] from being required to testify, that are not supported by statute or case law.

4) The Trial Court abused its discretion and made an error of law in allowing the entire hearing and ultimate findings of the Court to be based upon inadmissible hearsay evidence, in that the ~~████~~ [Child] never testified to any allegations at the hearing and only provided testimony at an exparte [sic] hearing.

5) The Trial Court abused its discretion and made an error of law by violating ~~████~~ [Mother's] due process rights when not allowing the ~~████~~ [Child] to testify and refusing ~~████~~ [Mother] the opportunity to cross-examine ~~████~~ [Child].

Specifically, ~~████~~ [Mother] invites the Court's attention to:

"Section 6107(a) requires that a hearing be conducted at which time the petitioner must prove the allegation of abuse by a *preponderance* of the evidence." *Drew*, 870 A.2d at 378 (emphasis in original). In determining whether a hearing pursuant to Section 6107(a) **comports** with due process, this Court has held that the parties must, at a minimum, have the opportunity to present witnesses, testify on one's behalf, and cross-examine the opposing party and his/her witnesses. *See Drew, supra; Leshko v. Leshko*, 833 A.2d 790 (Pa.Super.2003). Lanza v. Simconis, 2006 PA Super 369, ¶ 10, 914 A.2d 902, 906 (2006)

4

The Parties must, at a minimum, have the opportunity to present witnesses, testify on one's behalf, and cross-examine the opposing party and his/her witnesses." R.G. v. TD., 448 Pa. Super. 525, 672 A.2d 341, 343 (Pa. Super. 1996). Rizk v. Barghoutt, No. 898 MDA 2012, 2014 WL 10936780, at *8 (Pa. Super Ct. Apr. 14, 2014)

Mother's Concise Statement of Errors Complained of, Pursuant to Pennsylvania Rule of Appellate Procedure 1925 (a) (2) (i).

## DISCUSSION

"In an appeal from a PFA action, this Court reviews the trial court's legal conclusions for an error of law or an abuse of discretion." Hood–O'Hara v. Wills, 873 A.2d 757, 759 (Pa.Super.2005) quoted in Lawrence v. Bordner, 907 A.2d 1109, 1112 (Pa. Super. 2006). Assessing the "[c]redibility of witnesses and the weight to be accorded to their testimony is within the exclusive province of the trial court as the fact finder. Karch v. Karch, 885 A.2d 535, 537 (Pa.Super.2005) quoted in Mescanti v. Mescanti, 956 A.2d 1017, 1020 (Pa. Super. 2008).

Mother's claim in the present case is properly characterized as a challenge to the sufficiency of the evidence in support of the PFA order. In reviewing such a claim, this Court must "view the evidence in the light most favorable to the verdict winner, granting her the benefit of all reasonable inferences." Fonner v. Fonner, 731 A.2d 160, 161–63 (Pa.Super. 1999) quoted in Mescanti, 956 A.2d at 1020.

5

1) Regarding the Trial Court's alleged abuse of discretion and error of law in conducting an ex parte, in camera, interview of *Child* ▓▓▓, and its determination of credibility, which was made without providing *Mother* ▓▓▓▓ an opportunity to cross-examine the witness.

This Court was entirely and unquestionably within its discretion when It conducted the in camera interview with *Child* ▓▓▓ and determined her allegations to be credible.

As stated above, the relevant portion of the PFA statute states:

(1) If a plaintiff petitions for temporary order for protection from abuse and alleges immediate and present danger of abuse to the plaintiff or minor children, the court shall conduct an ex parte proceeding.

23 Pa. C.S.A. § 6107 (b) (1). The plaintiff here is a minor child, filing for a temporary order for protection from abuse and alleging immediate and present danger of abuse. This Court had no choice but to conduct an ex parte proceeding. To do anything else would have been a violation of the statute and an abdication of the Court's duty to protect a child who petitions it for protection. Perhaps *Mother* ▓▓▓▓ confuses the context in which the in camera proceeding was conducted. To be clear, the ex parte proceeding was conducted on January 16th, 2018, in response to *Child's* ▓▓▓ request for an ex parte hearing, and not in testament to the evidentiary hearing held on January 23, 2018. This Court is aware of no statute or case law which requires that a defendant has a right to confront a petitioner in an ex parte proceeding held pursuant to 23 Pa. C.S. 6107 (b) (1). To require such a thing would create a clear contradiction, negate the words of the statute, and defy all logic. Accordingly, we reaffirm.

6

2) Regarding the Trial Court's alleged abuse of discretion and error of law in "deciding the merits of the case prior to the hearing while having only conducted an exparte [sic] interview with the [*Child*]."

The Trial Court did not decide the merits of the case prior to the hearing, nor was the Order following the evidentiary hearing based on the in camera interview conducted prior to the issuance of the Temporary Order on January 16. Here again, [*Mother*] confuses the context of the ex parte interview and seeks to impute the granting of the PFA to an imagined procedural deficiency. The temporary PFA, as discussed above, was properly ordered after a properly held ex parte hearing on January 16. The final PFA was properly ordered based on testimonial evidence heard at the evidentiary hearing held pursuant to 23 Pa. C.S.A. § 6107 (a).

[*Child*] had the burden of proving her allegation of abuse by a preponderance of the evidence. 23 Pa.C.S.A. § 6107 (a). The preponderance of the evidence standard "is defined as the greater weight of the evidence..." Raker v. Raker, 847 A.2d 720, 724 (Pa. Super. 2004) (citation omitted). That is, to prevail [*Child's*] evidence must have "tip[ped] a scale slightly." Id. After hearing the evidence and assessing the credibility of the witnesses, this Court determined that [*Child*] had indeed tipped the scale.

Testimony was heard from [*Child's*] Father and Stepmother. Stepmother testified regarding the events of January 9, 2018, which led to the petition for PFA. Stepmother testified that she was with [*Child*] at the time of the phone call. Without testifying as to what was said, Stepmother testified that she heard screaming from the other participant ([*Mother*]) while the phone was not in speaker mode, that [*Child*] was visibly shaking, that [*Child*] was tearful, and that [*Child*] was so clearly upset that Stepmother felt it necessary to end the phone call.

7

Hr'g Tr. 7-8 January 23, 2018. The PFA Act does not require actual physical harm be related for a PFA Order to issue, "reasonable fear" is sufficient. 23 Pa. C.S.A. §6102. *see* Fonner v. Fonner, 731 A.2s 160 (Pa. Super. 1999).

The Court also heard testimony regarding an incident with a hairbrush that led to contact with the York County Office of Children, Youth and Families (CYF). The issue of involvement with CYF was raised by [Mother] on cross-examination of Stepmother. Id. 14. [Mother] would develop details of the incident on direct examination of Father. Id. 19. [Mother] further discussed the incident by way of her own testimony. Id 49-50. Apparently, there was an incident in the Spring of 2016 during which [Mother] hit [Child] with a hairbrush, following some difficulty relating to removing braids from the [Child's] hair. That day at school, [Child's] teacher became aware that she was in considerable discomfort and contacted CYF. Following an investigation, the agency adjudicated the referral unfounded.

However, this Court is cognizant that the definition of "abuse" used by the PFA Act is broader than the definition used by Child Protective Services. 23 Pa. C.S.A. § 6102 (a) et seq, § 6303 (a). Although the PFA Act may incorporate those definitions, it does not require that abuse rise to the level of criminality or for removing a child from the home. Viruet *ex rel.* Velasquez v. Cancel, 727 A.2d 591 (Pa. Super. 1999). Thus, this Court is not bound to accept the agency's findings as proof that abuse has not or is not reasonably likely to occur.

[Mother] added further that CYF had only been contacted because S.W.'s teacher is step-mother's friend, yet [Mother] offered nothing to support this.

In short, in weighing the evidence and the credibility of the witnesses, this court found the scale had been tipped in favor of [Child]

8

3) Regarding the Trial Court's alleged abuse of discretion and error of law in relying solely on the ex parte interview of the witness in determining sufficient evidence was presented by the Child *Child*. "On demurrer, after *Child* had rested, Trial Court had only heard the hearsay testimony of Father and the *Child's* Stepmother, yet ruled the evidence was sufficient to survive a motion to dismiss. Trial Court cited exceptions for excusing the *Child* from being required to testify, that are not supported by statute or case law."

As discussed above, *Mother* mischaracterizes this Court's use of the ex parte interview. The discussion of the ex parte interview given in response to alleged Error 1, and the discussion of testimonial evidence given in response to alleged Error 2 are hereby incorporated into this Court's response to alleged Error 3.

In addition, the Court will specifically deny that any decision was based on hearsay evidence given by either Stepmother or Father. However, the Court gave great weight to Stepmother's testimony of her personal observations of *Child* at the time of the January 9th phone call. The witness was credible, and her description of the *Child's* fearful and tearful appearance was persuasive. The witness also testified that *Child* had spoken to her on more than one occasion about troubles with her mother. Such testimony is not barred by the rule against hearsay codified at Pa. R.E. 802. The Court was convinced that several conversations had taken place between Stepmother and *Child* about *Child's* mother. Stepmother's testimony to this fact is not barred by Pa. R.E. 802 because it is not offered to prove the truth of the matter asserted. "Notably, 'it is elemental that, '[a]n out of court statement which is not offered for its truth, but to explain the witness' course of conduct is not hearsay.'" Commonwealth v. Carson, 913 A.2d 220, 258 (Pa. 2006) quoting Commonwealth v. Sneed, 526 A.2d 749, 754 (Pa. 1987). quoted in

9

In re K.A.T., Jr., 69 A.3d 691, 702–03 (Pa. Super. 2013). Thus, Stepmother's testimony was properly admitted.

*Mother*

~~Mother~~ seems to claim that the Court erred in allowing Father's testimony and in relying on it to overrule the request for demurrer. As detailed above, Stepmother's testimony alone was enough to move past the demurrer stage. Curiously, *Mother* ~~Mother~~ now seeks to appeal the testimony of her own witness, and claim that Father's testimony is inadmissible as hearsay. The record is clear that *Mother* ~~Mother~~ called Father to testify. Thus, we can only assume that the alleged hearsay occurs in response to cross-examination. "It is axiomatic that in order to preserve a trial objection for review, trial counsel is required to make a timely, specific objection during trial." Dilliplaine v. Lehigh Valley Trust Co., 322 A.2d 114, 117 (Pa. 1974) quoted in Takes v. Metro. Edison Co., 695 A.2d 397, 400 (Pa. 1997). The record reveals that *Mother* ~~Mother~~ objected on the grounds of hearsay during Father's testimony one time. The Court overruled the objection because, as before, the testimony was not offered for the truth of the matter asserted.

> Q. And there was brief discussion of you sending
> a message to [*Mother*] ~~Mother~~ on January 8th?
>
> A. Yes.
>
> Q. And that message was about what?
>
> A. A mother/daughter trip to New York.
>
> Q. And how did you hear about information regarding that?
>
> A. She had originally told me.
>
> Q. Who is she?
> A. [*Mother*] ~~Mother~~. For a mother/daughter birthday

trip.

Q. And did you hear anything different from [Child] ▓▓▓▓?

ATTORNEY HOBBS: I am going to obviously object to hearsay. [Child] ▓▓▓▓ is --

THE COURT: It is not for the truth of the matter asserted so I will allow it. You may answer the question.

BY ATTORNEY SMITH:

Q. What did you -- why did you contact her since you said you had already heard about the trip.

A. Because [Child] ▓▓▓▓ told me they went with another guy. She said that they drove to his house, stayed with him, and all drove up there together.

Hr'g Tr. 24. January 23, 2018. Obviously, the statement was not offered for the truth of the matter asserted, in which case it would answer whether or not the New York trip was really a mother/daughter birthday trip. In fact, the statement speaks to why Father sent a message to [Mother] ▓▓▓▓. The statement was properly admitted.

[Mother's] ▓▓▓▓ Concise Statement speaks of demurrer and a motion to dismiss. "A demurrer tests the sufficiency of challenged pleadings." Composition Roofers Local 30/30B v. Katz, 581 A.2d 607, 609 (Pa. Super 1990). Quoted in Werner v. Plater-Zyberk, 799 A.2d 776, 783 (Pa. Super. 2002). A demurrer is to be granted only where it is clear and free from doubt that the plaintiff is not entitled to relief. Id. A demurrer is properly entered at the close of pleadings, and

"[w]here any doubt exists as to whether demurrer should be sustained, it should be resolved in favor of overruling the demurrer." Somers v. Somers, 613 A.2d 1211 (Pa. Super 1992).

"To the extent that the question presented involves interpretation of rules of civil procedure, our standard of review is *de novo*. Touloumes v. E.S.C. Inc., 899 A.2d 343, 346 n. 4 (Pa. 2006). To the extent that this question involves an exercise of the trial court's discretion in granting [Mother's] ████████ "motion to dismiss", our standard of review is abuse of discretion." Sigall v. Serrano, 17 A.3d 946, 949 (Pa. Super. 2011)..

In the instant case, the purported demurrer and motion to dismiss are one and the same. Mother ██████ does not properly demur or move for dismissal at any point in these proceedings. Rather, after presenting her first witness, Mother ██████ states that the standards have not been met, and asks the Court for permission to interview the Child ██████ in essence, in preparation for the upcoming custody trial. Hr'g Tr. 28-9. January 23, 2018. This Court is aware of no statute or case law which requires that the defendant in a PFA proceeding be permitted to interview the petitioner, a minor, exclusive of the filing parent, and with an eye to another proceeding. We reaffirm.

Mother's ██████ Concise Statement states, "Trial Court cited exceptions for excusing the Child ██████ from being required to testify, that are not supported by statute or case law." It is entirely unclear what "exceptions" Mother ██████ is referring to. With regards to the unavailability of the Child ██████, Mother ██████ did not object at the hearing and it is barred from raising the objection on appeal. "It is axiomatic that in order to preserve a trial objection for review, trial counsel is required to make a timely, specific objection during trial." Dilliplaine v. Lehigh Valley Trust Co., 322 A.2d 114, 117 (Pa. 1974) quoted in Takes v. Metro. Edison Co., 695 A.2d 397, 400 (Pa. 1997). Mother ██████ did not make a timely and specific objection. Mother ██████ objected to hearsay, as

discussed above. However, objections do not carryover and forward to other issues. It is true that Mother asked if he could question the Child,

> ATTORNEY HOBBS: Your Honor, would I have the opportunity to ask her questions?
>
> THE COURT: Nope.
>
> ATTORNEY SMITH: That is fine, Your Honor. I was going -- I didn't realize you were the same judge.

Hr'g Tr. 3-4. January 23, 2018. Clearly, there is no objection at the trial level. In a recent non-precedential opinion issued by the Superior Court of Pennsylvania, also cited by Mother, the Court addressed this issue and found that no objection had been entered. The Superior Court opined: "In the present case, when Husband indicated at the PFA hearing that he wanted to call Son to the stand, the court stated, 'No,' to which [a] appellant's counsel simply replied, 'Alright.' The court then explained why it would not permit Son to testify, emphasizing Ms. McCann's testimony that Son had 'been interviewed too many times,' and stating that it declined 'to further traumatize [Son] by interviewing him on this situation.' Appellant's counsel proffered no objection." Rizk v. Barghoutt, No. 898 MDA 2012, 2014 WL 10936780, at *5 (Pa. Super. 2014). Ct. Apr. 14, 2014). The situation in the sub judice is completely analogous. The Rizk court found that there was no objection, and deemed the issue waived. Thus, the objection in the present case was likewise waived.

4) Regarding the Trial Court's alleged abuse of discretion and error of law in allowing the entire hearing and ultimate findings of the Court to be based upon inadmissible hearsay evidence, in

13

that the [Child] never testified to any allegations at the hearing and only provided testimony at an ex parte hearing.

The Court neither abused its discretion nor made an error of law, in that it did not base its ultimate findings on hearsay. This allegation is a combination and repetition of the preceding alleged errors. The details and descriptions above are incorporated into this response. Additionally, the Court adds here that after taking all of the testimony offered by both parties, the Court found Father and Stepmother to be more credible than [Mother] and maternal grandmother, and the testimony of the former to be more compelling than the testimony of the latter.

Our standard of review is well-settled. "In reviewing the validity of a PFA order, we must determine whether the evidence, in the light most favorable to petitioner and granting her the benefit of all reasonable inferences, was sufficient to sustain the trial court's determination that abuse was shown by a preponderance of the evidence. Moreover, we must defer to the lower court's determinations of the credibility of witnesses at the hearing.

R.G. v. T.D., 672 A.2d 341, 342 (Pa.Super.1996) (internal citations omitted).

After listening to the witnesses presented by both parties, and making the necessary and appropriate determinations of credibility, this Court simply found that the preponderance of the evidence indicated that there was abuse and that [Child] was entitled to a Protection From Abuse Order. [Mother] would pretend that the evidentiary hearing never took place and that the final adjudication was based on the contents of the ex parte hearing. As noted, that is not the case and we accordingly reaffirm.

14

5) Regarding the Trial Court's alleged abuse of discretion and error of law in violating *Mother's* ▓▓▓▓▓ due process rights when not allowing the *Child* ▓▓▓ to testify and refusing *Mother* ▓▓▓ the opportunity to cross-examine *Child* ▓▓▓, this Court did not abuse its discretion, err in law, or violate *Mother's* ▓▓▓▓▓ due process rights.

It is true that the *[C]*hild did not testify, but the issue was waived by *Mother's* ▓▓▓▓ failure to object despite the opportunity to do so.



Our law is clear that,'[i]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result *476 in waiver of that issue. On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected. In this jurisdiction ... one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.'

Hong v. Pelagatti, 765 A.2d 1117, 1123 (Pa.Super.2000). quoted in Thompson v. Thompson, 963 A.2d 474, 475–76 (Pa. Super. 2008).

*Mother* ▓▓▓▓ never objected to the unavailability of the witness. When told that *Child* ▓▓▓ was not available for testimony, counsel for *Mother* ▓▓▓ responded "That is fine, your honor."

15

Hr'g Tr. 4. January 23, 2018. The Court briefly explained that it had concerns about subjecting the child to further questioning.[1]

The Court is aware that PFA proceedings, though civil in nature, may have criminal ramifications, and resultantly carry due process concerns. However, ~~*Mother*~~ did not raise an objection on that theory or those grounds at the hearing.

> Both the theory as well as the grounds must be raised below if an issue is to be preserved for appellate review; one may not merely preserve the "grounds" at trial level and, for the first time on appeal, raise "theories" to support them. Com. v. Polof, 362 A.2d 427, (Pa.Super. 1976).

Although ~~*Mother*~~ asked on separate occasions to interview the child, she did not at any time object. The first such request was detailed above. The second occurred after ~~*Mother*~~

---

[1] Pa. R.E. 611 gives the trial court considerable control over the presentation of witnesses: Pa. R.E. 611 :(a) Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: ... (3) protect witnesses from harassment or undue embarrassment. Further, in cases involving children who are the victim of or witness to crime or abuse, including assault, The Tender Years Hearsay Act provides additional protections to prevent unnecessary harm to the child: (a) General rule.—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing physical abuse, indecent contact or any of the offenses enumerated in 18 Pa.C.S. Ch. 31 (relating to sexual offenses) performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if: (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and (2) the child either: (i) testifies at the proceeding; or (ii) is unavailable as a witness. 42 Pa. C.S.A. § 5985.1. The statute also gives the trial court the power to determine that a child is unavailable to testify in order to avoid undue emotional distress. "(a.1) Emotional distress.—Before the court makes a finding under subsection (a)(2)(ii), the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress such that the child cannot reasonably communicate. In making this determination, the court may do all of the following: (1) Observe and question the child victim or child material witness, either inside or outside the courtroom. (2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child victim or child material witness in a medical or therapeutic setting. This Court conducted an ex parte interview, as detailed, and as result had valid concerns that forcing the ten year old child to testify against her mother, the Appellant, would cause serious emotional distress. The child was genuinely fearful of Mother. She was quite credible, and her testimony was compelling, and remarkably consistent. The Court thus found the requisite indicia of reliability.

questioned Father. At that point, [Mother's] ~~concern~~ concern was with the effect of the PFA proceeding on the upcoming custody trial. Counsel for [Mother] ~~was~~ was clear in this, and asked for the opportunity to interview the [C] child outside of the courtroom and without Father present. The request was made as follows:

> Keep in mind, Your Honor, from our perspective, the child is in the custody of her Father for a month and then at the end of that custody period, with a trial looming, and with instructions from Judge Adams, this PFA occurs. We would like the opportunity to at least have the opportunity to explore that. And, generally, Your Honor, no malice intended, but the opportunity to explore [Child's] veracity without the influence of Dad or Stepmom.

Hr'g Tr. 28-9. January 23, 2018. The request was appropriately denied, and while [Mother] could have objected, she chose not to.

## CONCLUSION

In conclusion, the trial court respectfully requests that this Court affirm the order granting [Child] a PFA order against [Mother].

N. Christopher Menges
Judge of the Court of Common Pleas

17