J-A20029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NATALLIA LASTOVKA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER BERILA | : | |
| | : | |
| Appellant | : | No. 1109 EDA 2024 |

Appeal from the Order Entered March 15, 2024
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2023-60772

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED DECEMBER 3, 2024**

Alexander Berila ("Father") appeals from the order entered in the Bucks County Court of Common Pleas on March 15, 2024, granting a final protection from abuse ("PFA")[1] order pursuant to a petition brought by Natallia Lastovka ("Mother") in favor of the parties' minor child. After careful review, we affirm on the basis of the well-written trial court opinion.

Father and Mother were married in March 2004, and divorced in June 2023. The parties share two minor children, A.A.B. (born March 2014) ("the child") and A.E.B. (born December 2019) (who is not subject to the instant PFA order).

---

[1] Protection from Abuse Act ("PFA Act"), 23 Pa.C.S.A. §§ 6101 *et seq.*

On February 5, 2024, the trial court issued a temporary PFA order in favor of Mother on behalf of both minor children against Father. The temporary PFA order was amended on February 6, 2024. At a PFA hearing on February 14, 2024, the matter was continued by agreement of the parties, and the temporary order was extended to February 28, 2024.

On February 28, 2024, a PFA hearing was held, during which testimony was taken on the record from the child during an in-camera interview with counsel and the Judge. The temporary order was extended at the conclusion of the hearing until March 6, 2024.

Subsequently, three more PFA hearings were held, on March 6, 12, and 15, 2024, during which extensive testimony was taken and video evidence was submitted. The temporary PFA was extended to each relisted date.

Upon the conclusion of testimony, the trial court entered a final PFA order for a term of 9 months in favor of the child. The final order did not afford protection to either Mother or the parties' other minor child, as the record was devoid of evidence alleging abuse against either of them. The final order stipulates Father may have supervised visitation with the child and telephone contact. The final order superseded a prior custody order between the parties as it relates to the child.

On March 25, 2024, Father filed a motion for reconsideration of the final PFA order, alleging Mother had failed to meet her burden of proof. *See* Motion

for Reconsideration, 3/25/24. The trial court denied the motion. This timely appeal followed.

Father raises the following issues on appeal:

1. Whether the trial court committed an error of law and/or abused its discretion in entering a nine-month final [PFA] order under Section 6102(a)(2) of the Act where the order is not supported by the evidence?

2. Whether the trial court committed an error of law and/or abused its discretion in entering a nine- month final [PFA] order by failing to consider a parent's right to corporal punishment under the PA Crime Code where a parent can use force to promote the welfare of the child, including preventing or punishment for his misconduct and the force was not designed to cause serious bodily injury.

**See** Appellant's Brief, at 8 (unnecessary capitalization omitted).

When an appellant challenges the granting of a PFA petition, as Father does here, we review the trial court's legal conclusions to see whether the trial court committed an error of law or abused its discretion. **See K.B. v. Tinsley,** 208 A.3d 123, 127 (Pa. Super. 2019).

Father's first issue challenges the court's finding by a preponderance of the evidence that the PFA was warranted in this case. Father argues the evidence was insufficient to support the PFA order because the child's testimony was not credible and Mother's evidence was not sufficient.

If the appellant's claim specifically alleges the evidence was not sufficient to support the PFA order, "we review the evidence in the light most favorable to the petitioner … [to] determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the

- 3 -

evidence." ***Karch v. Karch***, 885 A.2d 535, 536-37 (Pa. Super. 2005) (citation omitted). We defer to the credibility determinations of the trial court. ***See id.***

The purpose of the PFA Act "is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal [being the prevention of abuse]." ***K.B.***, 208 A.3d at 127 (citation omitted). The PFA Act defines "abuse," in relevant part, as the occurrence of one or more acts, including "[p]lacing another in reasonable fear of imminent serious bodily injury." 23 Pa.C.S.A. § 6102(a)(2).

"In the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of bodily injury. The intent of the alleged abuser is of no moment." ***K.B.***, 208 A.3d at 128 (citations and internal quotation marks omitted). Given the PFA's goal of preventing abuse, "a victim does not have to wait for physical or sexual abuse to occur for the Act to apply." ***Id.*** (citation omitted).

Here, the trial court granted the final PFA petition pursuant to Section 6102(a)(2) of the PFA Act. The PFA Act is clear that the court need only find that the petitioner has established that one of the acts constituting "abuse" under the Act applies, ***see*** 23 Pa. C.S.A. § 6102(a).

The trial court concluded, in accordance with the statute and in consideration of all testimony presented throughout the PFA hearings, that "abuse" had been established by a preponderance of the evidence as

proscribed by § 6102. Father essentially argues the trial court erred by reaching this conclusion because the child's testimony was not credible.

In its May 17, 2024 opinion, the trial court set forth the relevant law, *see* Trial Court Opinion, 5/17/24, at 6-7, addressed Father's sufficiency challenge,[2] and determined that it lacks merit, explaining as follows:

> This determination was firmly grounded in the evidentiary record, which encompassed documented instances by [Father] against the child. Specifically, credible testimony from all parties (including [Father]) attested to incidents wherein he struck the child repeatedly with a stick, where the minor child was repeatedly smacked on or around his head, where Father struck the child with a slingshot loaded with acorns, and various additional occurrences that would reasonably induce fear in the child. Subsequent to the culmination of these events, the child testified to fearing his Father[], extending beyond mere apprehension of parental discipline. The court credited testimony which showed the child suffered substantial pain, reasonably causing in him a fear that continues today. [Father] was represented by counsel at a hearing where he provided extensive testimony and was able to cross-examine the parties through counsel. [Father] himself did not contest most of these occurrences, but rather, had a different perspective on them. He denied striking the child with acorns using a slingshot. Notably, no findings were made regarding abuse directed toward [Mother] or the younger female minor child.

---

[2] Father initially raised 7 issues in his 1925(b) concise statement. Finding there was "significant overlap or convergence" among the issues presented, the court conducted a consolidated analysis of the issues. Specifically, the court addressed issues 1 through 3 together, as those issues generally challenged the sufficiency of the evidence. Next, the court addressed issues 4 through 6 together, as those issues all related to a parent's use of corporal punishment. The court addressed issue 7 alone, pertaining to the court's evaluation of custodial factors, which the court aptly found is not relevant in this PFA case.

On appeal, Father has presented one issue from each of the first two consolidated analysis sections. As such, the courts' analysis from those sections is still directly on point even without the additional, overlapping, issue statements.

An appeal does not serve as a platform to re-litigate the facts of a prior PFA Hearing or to introduce new facts. Nor is it a venue to debate the discretion afforded to the trial court judge in finding testimony credible. Instead, its purpose is to review the cold record to determine if the judge adhered to applicable laws and rules of evidence during the hearing. To satisfy its burden of proof, a movant must specify any errors committed by the judge in the application of law or legal procedures that influenced their decision in the Protection from Abuse hearing.

The Pennsylvania Superior Court will only overturn a judgement if such errors are present and have demonstrably influenced the outcome of the Final Order. Nevertheless, Appellant has failed to provide adequate rationale to justify a review or refute the credibility of any witness. On the contrary, Appellant conceded and substantiated many of Petitioner's allegations. Instead, he rationalized them as a reasonable form of discipline based on his own opinion.

Considering the evidence presented and all reasonable inferences drawn therefrom, the trial court found that the offenses necessitating protection had been duly established, as supported by the record.

Trial Court Opinion, 5/17/24, at 7-8.

Viewing the evidence in the light most favorable to Mother, and deferring to the trial court's explicit credibility findings, we do not find any error in the court's finding that there was sufficient evidence to enter a PFA order under Section 6102(a)(2) of the PFA Act, and Father's arguments to the contrary do not persuade us otherwise. We agree with the sound reasoning of the trial court and affirm on this basis as to Father's first issue. ***See id.***

In Father's second issue, he argues the trial erred in failing to consider a parent's right to corporal punishment under the PA Crime Code.

The Pennsylvania Crime Code permits the justifiable use of force if:

(1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian or other responsible person and:

> (i) the force is used for the purpose of safeguarding or promoting the welfare of the minor, including the preventing or punishment of his misconduct; and

> (ii) the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation.

18 Pa.C.S.A. § 509(1).

In rejecting Father's argument, the trial court reasoned as follows:

> In the present case, the court heard testimony that [Father], in his actions, exceeded permissible discipline of his child. Credible testimony was heard in that [Father] would frequently hit or strike his minor child, with acorns, with his hands, or with a stick. Many of which left injury or markings on the child. It is clear from the record and the uncontroverted testimony that [Father] frightened the minor child on more than one occasion in his use of what he views as corporal punishment. The child articulated instances of wrongdoing that were met with disproportional force from [Father], and other times when [Father] used force on the child for no reason at all. This court maintains, as do nearly all Courts on this issue, that "[c]orporal punishment is not the blanket justification that [Father] suggests, and when administered in anger, it may in fact, warrant a PFA." Corporal punishment is permitted to discipline one's child "so long as the force used is not designed or known to create a substantial risk of death, serious bodily injury, disfigurement, extreme pain, or mental distress or gross degradation."

> …

> [Father] substantiated many of the allegations that [Mother] leveled against him, arguing he did them in a way that was to discipline his child. It is important to note the intent of the alleged abuser is irrelevant to the trial court's determination. Notwithstanding the aforementioned, it is also imperative to

- 7 -

recognize that, "the PFA Act does not require actual physical harm before issuing a PFA order." Pennsylvania jurisprudence on this topic is unambiguous and dictates that there are several ways to convey a threat of physical harm, therefore, a showing of "reasonable fear' is sufficient."

The record belies any outcome advocated for by [Father]. All relevant cases presented (and not presented) support the same principle: discipline is acceptable if it's a reasonable and measured response to correct an action. [Father]'s "discipline" against the child were either excessive, or not corresponding to anything the child did to warrant discipline, such that the child's "mental distress" reasonably made him fear his Father's abuse. The court heard extensive testimony demonstrating [Father] exceeded the bounds of reasonable discipline, and in doing so, caused the child to fear him. Whether it was intentional or not (as noted, [Father]'s intent is largely irrelevant), his unreasonable or excessive actions brought about that fear. A fear the court deemed reasonable based on the testimony provided.

Trial Court Opinion, 5/17/24, at 9-12 (citations omitted).

In its opinion, the trial court set forth the relevant law, addressed Father's corporal punishment challenge, and determined that it lacks merit. Once again, we agree with the sound reasoning of the trial court and affirm on this basis as to Father's final issue. *See id.*

Accordingly, we affirm on the basis of the trial court's comprehensive and cogent opinion filed on May 17, 2024.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2024

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**FAMILY DIVISION**

NATALLIA LASTOVKA
    *Plaintiff/Appellee,*    *Wendel*   :

               v.              :

ALEXANDER BERILA    *Spaldins* :
    *Defendant/Appellant.*

No. A06-2023-60772-A
1109 EDA 2024

Case #: 2023-60772-0086 A   13658279
Main (Public)
Code: 5214    Judge:42
Rcpt: Z2809540   5/17/2024 4:25:41 PM

## TRIAL COURT'S 1925(a) OPINION

Alexander Berila ("Defendant/Appellant") now appeals following the Protection from Abuse ("PFA") Hearing which ended on March 15, 2024, in the Bucks County Court of Common Pleas, granting a Final Protection Order ("Final Order") for a span of nine (9) months on behalf of Defendant's minor son expiring December 15, 2024. A Motion for Reconsideration was denied on March 26, 2024. On April 12, 2024, Defendant submitted Notice of Appeal with his Concise Statement of Matters Complained of, raising various contentions for appellate review. Defendant now advances this appeal, invoking Pa. R.A.P. § 904(f) as a Children's Fast Track Appeal.

Pursuant to Pa. R.A.P. § 1925(a), this Trial Court submits its Opinion herewith as a supplementary component to the record, reiterating its determinations and the consequent Final Order.

## BACKGROUND

On February 5, 2024, the Bucks County Court of Common Pleas issued a Temporary PFA Order ("Temporary Order") in favor of Petitioner/Plaintiff and on behalf of her minor children against Defendant. This Temporary Order was amended February 6, 2024. At a PFA Hearing on February 14, 2024, the matter was continued by agreement of the parties, and the Temporary Order extended to February 28, 2024. On February 28,

2024, a PFA Hearing began where testimony was taken on the record from the minor child during an out of court examination by counsel and the Judge, conducted under oath, and recorded by a stenographer. The Temporary Order was extended at the conclusion of testimony and hearing continued until March 6, 2024. Subsequently, the PFA Hearing spanned a period of three days, during which extensive testimonial and video evidence was adduced on March 6, 12, & 15, 2024. Notably, during this process, the aforementioned examination of the child was conducted on the record, and testimony was adduced from both litigants.

Testimony at the PFA Hearing established that Defendant and Petitioner were married on March 8, 2004, and separated on or about June 27, 2023. See N.T., 03/12/2024, at 5-6:21-4). The parties share two minor children, A.A.B. (DOB 03/17/2014) ("the child") and A.E.B. (DOB 12/03/2019). Id. at 6:5-7. The parties no longer reside together, and it is evident from the proceedings they don't communicate or maintain an amicable relationship.

Upon the conclusion of testimony, this court, presided over by the Honorable Matthew D. Weintraub, found credible evidence sufficient to justify the issuance of a Final Order for a term of nine (9) months to protect A.A.B, a minor. The Final Order did not afford protection to either the Petitioner or to her other minor child, as the record was devoid of evidence alleging abuse against either of them. The Final Order stipulates that Defendant may have supervised visitation with the child and telephone contact, as appropriate. Furthermore, the parties were advised to begin in Court Conciliation and Evaluation Services ("CCES") in the pursuit of the best interests of the children. This amended the Custody Order that was reached by agreement dated May 15, 2023.

2

On March 25, 2024, Defendant submitted a Motion for Reconsideration of this Final Order. This Motion merely sought to re-litigate the facts and credibility determinations previously addressed in the PFA Hearing. Defendant alleged "the Court erred and/or abused its discretion in this nine-month order as Respondent failed to meet her burden of proof in this matter," contending because Petitioner/Appellee failed to produce any photographic evidence of abuse, the Final Order must be vacated. *Defendant's Motion for Reconsideration*, 3/25/2024. Accordingly, this Court denied the Motion for Reconsideration on March 26, 2024, as supported by the credibility determinations made on the record set forth below. On April 12, 2024, Defendant timely initiated an appeal before the Pennsylvania Superior Court in accordance with Pa. R.A.P. § 1925(a)(2), invoking § 905(a)(2) to now hasten proceedings.

## STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

In his appeal, Appellant raises numerous issues:

1. The trial court erred and/or abused its discretion in entering this nine-month order as [Petitioner/Appellee] failed to meet her burden of proof in this matter. At the time the Order was entered, the Honorable Matthew D. Weintraub indicated his finding was based on 23 Pa. C.S. § 6102(a)(2), "placing another in reasonable fear of imminent serious bodily injury."

2. The trial court committed an error of law and/or abuse of discretion when entering the March 15, 2024, final protection from abuse order by failing to consider [that] the PA Crime Code also permits corporal punishment where the parent uses force to promote the welfare of the child including [ ] punishment for misconduct and [that] the force used was not designed to cause serious bodily injury.

3

3. The trial court abused its discretion [in] entering its Order contrary to the "best interests" standard of Pennsylvania without full knowledge of the facts of the case, necessary to enter such an Order.

4. The trial court's conclusions were unreasonable [based upon] the evidence of record and [therefore its] decision was not supported by the evidence.

5. The trial court abused its discretion by entering a final order when Plaintiff was unable to produce any evidence of abuse other than the child being afraid of Father's corporal punishment.

6. The trial court committed an error of law by ruling that an isolated corporal punishment incident was grounds to issue a Protection of Abuse Order *[sic]* for the protection of the child.

7. The trial court committed an error of law [ ] by not applying the evaluation of 16 custody factors when making its decision.

## DISCUSSION

In accordance with Pennsylvania's Domestic Relations Act ("the PFA Act") § 6102, an Appellate Court is vested with the authority to "review[] appeals from PFA orders for an abuse of discretion or error of law." Diaz v. Nabiyev, 235 A.3d 1270, 1273 (Pa. Super. Ct. 2020). This review process necessitates a "review [of] the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the Trial Court's conclusion by a preponderance of the evidence." Hood-O'Hara v. Wills, 873 A.2d 757, 760 (Pa. Super. Ct. 2005). In order to successfully petition for a PFA order, "the petitioner must establish abuse by a preponderance of the evidence, that is, 'the greater weight of the evidence,

i.e., enough to tip a scale slightly.'" E.K. v. J.R.A., 237 A.3d 509, 519 (Pa. Super. Ct. 2020). Keeping in mind that "the intent of the alleged abuser is not relevant to our determination." Buchhalter v. Buchhalter, 959 A.2d 1260, 1263 (Pa. Super. Ct. 2008).

In a PFA proceeding, trial judges are granted the authority as the trier of fact, thereby possessing the inherent discretion to make credibility determinations of witnesses presented before the court. Karch v. Karch, 885 A.2d 535, 537 (Pa. Super. Ct. 2005); Thompson v. Thompson, 963 A.2d 474, 477 (Pa. Super. Ct. 2008). This deferential stance is particularly distinct in the context of evidence introduced during hearings or trials. As highlighted in Soda v. Baird, 600 A.2d 1274 (Pa. Super. Ct. 1991), "[q]uestions concerning the admission or exclusion of evidence are within the sound discretion of the trial court and may be reversed only when a clear error of discretion was present."

In accordance with established legal precedent, the scope of evidence considered in cases of this nature extends beyond the confines of the Petition itself. Petitioners "will not be rigorously limited to the specific allegations of abuse found in the Petition." Snyder v. Snyder, 629 A.2d 977, 981 (Pa. Super. Ct. 1993). Pennsylvania jurisprudence recognizes that the previous history of the defendant is relevant, emphasizing that "past abusive conduct on the [defendant's] part [is] a crucial inquiry necessary for entry of a proper order." Custer v. Cochran, 933 A.2d 1050, 1059 (Pa. Super. Ct. 2007), *quoting* Raker v. Raker, 847 A.2d 720, 726 (Pa. Super. Ct. 2004).

Moreover, it is imperative to acknowledge that the burden of proof rests upon the petitioner, as affirmed in Hood-O'Hara. The sufficiency of petitioner's testimony is deemed established if it is found credible by the trial court. Hood-O'Hara, 873 A.2d at 761. This principle reflects the long-standing caselaw that permits the trier of fact, in

5

assessing the credibility of the witnesses and the weight of the evidence presented, "to believe all, part or none of the evidence." Kaur v. Singh, 259 A.3d 505, 509 (Pa. 2021).

In light of the significant overlap or convergence apparent among several of the errors challenged on appeal, it is judicious to conduct a consolidated analysis of these issues.

A. The trial court erred and/or abused its discretion in entering this nine-month order as [Petitioner/Appellee] failed to meet her burden of proof in this matter. At the time the Order was entered, the Honorable Matthew D. Weintraub indicated his finding was based on 23 Pa. C.S. § 6102(a)(2), "placing another in reasonable fear of imminent serious bodily injury."

B. The trial court's conclusions were unreasonable [based upon] the evidence of record and [therefore its] decision was not supported by the evidence.

C. The trial court abused its discretion [in] entering its Order contrary to the "best interests" standard of Pennsylvania without full knowledge of the facts of the case, necessary to enter such an Order.

In considering the initial arguments presented by Appellant, it is evident that he alleges that the court erred in matters of both credibility and exercise of discretion. Defendant contends that the trial court erred in its exercise of discretion in its determination that the actions of Defendant led to the child's reasonable fear of imminent serious bodily injury.

As articulated in Custer, the fundamental purpose of the PFA Act is to "protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advancing prevention of physical and sexual abuse." Custer, 933 A.2d at 1054. Under § 6102(a) of the PFA Act, abuse is unequivocally defined as encompassing at least one of five specified actions:

"Abuse." The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

6

23 Pa.C.S. § 6102.

This is not a subjective standard. 18 Pa.C.S. § 2301 clearly defines bodily injury as an "impairment of physical condition or substantial pain."

In accordance with the statute and after having thoroughly considered all testimony presented throughout the PFA Hearing, the court found "abuse" had been established by a preponderance of the evidence, and that Appellant engaged in actions proscribed by § 6102. Raker, 847 A.2d at 725 *("Explaining that defendant's actual intent with regard to his or her actions toward PFA petitioner is 'of no moment'; proper inquiry is whether the circumstances placed the victim in reasonable fear")*.

This determination was firmly grounded in the evidentiary record, which encompassed documented instances by Appellant against the child. Specifically, credible testimony from all parties *(including Appellant)* attested to incidents wherein he struck the child repeatedly with a stick, where the minor child was repeatedly smacked on or around his head, where Father struck the child with a slingshot loaded with acorns, and various additional occurrences that would reasonably induce fear in the child. See N.T., 03/12/2024, at 9:7-17; 11:13-21; 13-14:25-24; 15-19:10-3; 47:9-23; 85:1-13; 87:13-20; 88:17-21; 106:4-15; 115:6-24; 117-19:23-24; 121:14-23; 124-25:11-2; 130:19-25; 132:7-25. Subsequent to the culmination of these events, the child testified to fearing his Father/Appellant, extending beyond mere apprehension of parental discipline. The court credited testimony which showed the child suffered substantial pain, reasonably causing in him a fear that continues today. See N.T., 03/15/2024, at 22-24:23-20. Defendant was represented by counsel at a hearing where he provided extensive testimony and was able to cross-examine the parties through counsel. Appellant himself did not contest most of

7

these occurrences, but rather, had a different perspective on them. He denied striking the child with acorns using a slingshot. Notably, no findings were made regarding abuse directed toward Petitioner or the younger female minor child.

An appeal does not serve as a platform to re-litigate the facts of a prior PFA Hearing or to introduce new facts. Nor is it a venue to debate the discretion afforded to the trial court judge in finding testimony credible. Instead, its purpose is to review the cold record to determine if the judge adhered to applicable laws and rules of evidence during the hearing. To satisfy its burden of proof, a movant must specify any errors committed by the judge in the application of law or legal procedures that influenced their decision in the Protection from Abuse hearing.

The Pennsylvania Superior Court will only overturn a judgement if such errors are present and have demonstrably influenced the outcome of the Final Order. Nevertheless, Appellant has failed to provide adequate rationale to justify a review or refute the credibility of any witness. On the contrary, Appellant conceded and substantiated many of Petitioner's allegations. Instead, he rationalized them as a reasonable form of discipline based on his own opinion.

Considering the evidence presented and all reasonable inferences drawn therefrom, the trial court found that the offenses necessitating protection had been duly established, as supported by the record.

**D. The trial court committed an error of law and/or abuse of discretion when entering the March 15, 2024, final protection from abuse order by failing to consider [that] the PA Crime[s] Code also permits corporal punishment where the parent uses force to promote the welfare of the child including [ ] punishment for misconduct and [that] the force used was not designed to cause serious bodily injury.**

8

**E. The trial court committed an error of law by ruling that an isolated corporal punishment incident was grounds to issue a Protection of Abuse Order** *[sic]* **for the protection of the child.**

**F. The trial court abused its discretion by entering a final order when Plaintiff was unable to produce any evidence of abuse other than the child being afraid of Father's corporal punishment.**

Defendant next asserts that the court failed to consider that the Pennsylvania Crimes Code permits corporal punishment as a form of discipline and suggests that his actions should not be regarded as a form of abuse. The Trial Court considered this defense and rejected it at the hearing's conclusion.

23 Pa.C.S. §§ 6301-6388 of the Pennsylvania Child Protective Services Law ("CPSL"), which governs Child Protective Services Organizations, excludes from its definition of "child abuse" the use of reasonable force in a few defined situations, including instances of discipline. However, this doesn't mean that any form of discipline is allowed. Instead, it must be "the use of **reasonable force** on or against a child by the child's own parent or person responsible for the child's welfare..." and must only be "(1) the use of reasonable force [which] constitutes incidental, minor, or reasonable physical contact with the child or other actions that are designed to maintain order and control." 23 Pa.C.S. § 6304(c) *(emphasis added)*. The Crimes Code permits similar uses of force "for the purpose of safeguarding or promoting the welfare of the minor, including the preventing or punishment of his misconduct..." 18 Pa.C.S. § 509(1).

In the present case, the court heard testimony that Defendant, in his actions, exceeded permissible discipline of his child. Credible testimony was heard in that Defendant would frequently hit or strike his minor child, with acorns, with his hands, or with a stick. See N.T., 03/12/2024, at 15-19:14-3. Many of which left injury or markings

9

on the child. It is clear from the record and the uncontroverted testimony that Defendant frightened the minor child on more than one occasion in his use of what he views as corporal punishment. The child articulated instances of wrongdoing that were met with disproportional force from Appellant, and other times when Appellant used force on the child for no reason at all. This court maintains, as do nearly all Courts on this issue, that **"[c]orporal punishment is not the blanket justification that [Defendant] suggests, and when administered in anger, it may in fact, warrant a PFA."** Miller ex rel. Walker v. Walker, 665 A.2d 1252 (Pa. Super. Ct. 1995) (emphasis added). Corporal punishment is permitted to discipline one's child "so long as the force used is not designed or known to create a substantial risk of death, serious bodily injury, disfigurement, **extreme pain**, or **mental distress** or gross degradation." Chronister v. Brenneman, 742 A.2d 190, 191 (Pa. Super. Ct. 1999) (emphasis added).

The Court in Chronister similarly held, where "the trial court in the case *sub judice* made a specific finding that J.F. was terrified to return to Mother's home and the aggregation of Mother's acts committed against her son amounted to a finding of abuse under the PFA Act." Fialkowski v. Carrelli, No. 995 MDA 2023, 2024 Pa. Super. Unpub. LEXIS 458, at *18 (Feb. 21, 2024).

Appellant substantiated many of the allegations that Petitioner leveled against him, arguing he did them in a way that was to discipline his child. It is important to note the intent of the alleged abuser is irrelevant to the trial court's determination. Bucchalter, 959 A.2d at 1263. Notwithstanding the aforementioned, it is also imperative to recognize that, "the PFA Act does not require actual physical harm before issuing a PFA order." E.K., 237 A.3d at 522. Pennsylvania jurisprudence on this topic is unambiguous and dictates

that there are several ways to convey a threat of physical harm, therefore, a showing of "'reasonable fear' is sufficient." <u>S.W. v. S.F.</u> 196 A.3d 224, 231 (Pa. Super. Ct. 2018).

The record belies any outcome advocated for by Appellant. All relevant cases presented *(and not presented)* support the same principle: discipline is acceptable if it's a reasonable and measured response to correct an action. Appellant's "discipline" against the child were either excessive, or not corresponding to anything the child did to warrant discipline, such that the child's "mental distress" reasonably made him fear his Father's abuse. The court heard extensive testimony demonstrating Appellant exceeded the bounds of reasonable discipline, and in doing so, caused the child to fear him. Whether it was intentional or not (as noted, Appellant's intent is largely irrelevant), his unreasonable or excessive actions brought about that fear. A fear the court deemed reasonable based on the testimony provided. <u>See</u> N.T., 03/12/2024, at 24:1-5.

Following the presentation of evidence, the court opined:

> I find [A.A.B] to be credible. For that reason – and I will place my reasons on the record – I am going to enter a nine-month protection from abuse order as pertains to [A.A.B] only. I find [A.A.B] to be in need of protection under 6102(a)(2) where I do believe he is reasonably in fear of serious bodily injury. Not that serious bodily injury was caused, but I do believe despite the corporal punishment that the law permits, that [A.A.B] was reasonably in fear because of the daily inflictions potentially by his father to him.
> I do find [A.A.B] to be credible with respect to the stick incident, to the slap incident, and both were conceded by father. And I also find [A.A.B] to be credible with respect to the slingshot incident.

<u>See</u> N.T., 03/15/2024, at 23-24:17-11.

In its Final Order, the court recognized that the Appellant's conduct exceeded acceptable bounds of reasonable corporal punishment, thus instilling a reasonable fear in the child for his life or safety. The court made clear:

11

> My findings as they relate to [A.A.B] are not based on any of the evidence that I heard for the following facts: Regarding the chickens, the groundhogs, lack of food, forced parenting of [A.E.B], branding of tattoos, the ropes, or the guns. And I do not find that any of those materially contributed to the need for protecting [A.A.B] from abuse.

Id. at 25:9-18.

### G. The trial court committed an error of law in its decision by not applying the evaluation of Pennsylvania's 16 Custodial Factors pursuant to Section 5328(a) of the child Custody Law when making its decision.

Appellant lastly contends that the trial court failed to consider Pennsylvania's 16 Custodial Factors when rendering the Final Order. However, these factors are intended for application in custodial proceedings, distinct from the Protection from Abuse action presently on appeal. The Trial Court only exercised jurisdiction over the PFA matter at the time of hearing. It is also important to note that Appellant didn't raise an objection to this during the PFA Hearing, and therefore, this issue is waived pursuant to Rule 302(a).

Appellant proffered case law that states, "[a]bsent guidance from our Legislature or our Supreme Court, we conclude that a PFA court need not conduct a best interests custody analysis to award *temporary* custody as form of relief under section 6108 of the Protection from Abuse Act.") (emphasis in original)." Fialkowski v. Carrelli, No. 995 MDA 2023, 2024 Pa. Super. Unpub. LEXIS 458, at *19 (Feb. 21, 2024). While indeed denoted a Final Order for Protection from Abuse, it is imperative to clarify that it does not constitute a conclusive custodial decree.

> Custody wise, a PFA order is not designed to impose anything but emergency relief. To understand this, look no further than the PFA Act: 'Nothing in this paragraph relating to temporary custody as a form of relief shall bar either party from filing a petition for custody under Chapter 53 (relating to custody) or under the Pennsylvania Rules of Civil Procedure.'

12

Id. at 458, at *20. It is a temporary award of physical custody. "Simply stated, the trial court is empowered by § 6108(a)(4) to award temporary custody with regard to minor children in granting relief under the PFA." C.H.L. v. W.D.L., 214 A.3d 1272, 1281 (Pa. Super. Ct. 2019).

### H. Children's fast track appeal pursuant to Pa. R.A.P. § 904(f).

Defendant submits this Notice of Appeal, asserting it as a Children's Fast Track Appeal pursuant to Pa. R.A.P. 904(f).

While this appeal has been endorsed as a Fast Track Appeal, this court duly notes, as explicitly stated on the record, that the nine (9) month duration of this Final Order was deliberate, with the understanding that the order remains subject to prospective modification in subsequent proceedings associated with this matter. Id. at 23-24:13-21; 25:9-18. The separate custody petition was docketed at the time of the PFA Hearing, and the PFA Order was crafted to "dovetail" with future custodial hearings, thereby forestalling any avoidable instability for the children involved. During the hearing, it was expressly emphasized that the parties should initiate CCES promptly, as it would be a requisite component in the subsequent custody hearing scheduled for a later date. The court chose this approach to afford the parties an advantageous head start in engaging with the program for an expeditious conclusion. Id. at 27:6-19. The court's nine (9) month Order aligned it with the anticipated resolution of all other pending matters between the parties, i.e. CCES and custody. Id. at 24:16-20.

### CONCLUSION

In conclusion, the Trial Court's Final Order was predicated upon a thorough examination of the evidence presented and comprehensive credibility assessments.

Appellant's appeal fails to demonstrate substantive grounds warranting review, while the Trial Court's determinations are substantiated within the record. Accordingly, Appellant's appeal must be denied, and the Final Order of the court affirmed.

BY THE COURT,

Date: 5/17/24

_____
MATT WEINTRAUB, J.

**N.B. It is your responsibility to notify all interested parties of the above action.**

14